Case 4:22-cv-03202 Document 22 Filed on 05/24/23 in TXSD Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
May 24, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIK GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-3202 |
| | § | |
| SOPROS INVESTMENTS CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Erik Garcia ("Plaintiff") filed this action against Sopros Investments Corporation ("Defendant"), alleging violations of the American with Disabilities Act ("ADA").[1] Pending before the court is Defendant Sopros Investments Corporation's Amended Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Defendant's MTD") (Docket Entry No. 15). Defendant argues that Plaintiff's allegations do not support standing and that his claims are now moot.[2] For the reasons explained below, Defendant's MTD will be denied, but Plaintiff will be ordered to amend the Complaint to supplement his standing allegations.

---

[1]Complaint, Docket Entry No. 1, p. 1. For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2]Defendant's MTD, Docket Entry No. 15, p. 2 ¶¶ 4-5.

## I. Background

Plaintiff filed the Complaint on September 19, 2022.[3] He states that he is disabled as defined by the ADA and that he uses a wheelchair for mobility.[4] Defendant is an owner of property located at 10001 Westheimer, Houston, TX 77042 ("the Property").[5] Plaintiff states that on August 22, 2022, he visited two restaurants situated on the Property, Chili's Bar & Grill and Marini's Empanada.[6] Plaintiff states that he encountered some barriers to access and became aware of others.[7] He includes a list of alleged barriers, but he does not specify which ones he personally encountered.[8] Plaintiff requests attorney's fees and an injunction requiring Defendant to remedy the alleged violations.[9]

Defendant's MTD was filed on January 25, 2023.[10] Defendant argues that the Complaint should be dismissed for lack of Article III standing and mootness.[11] Defendant argues that Plaintiff has failed to plead facts that would give him standing, i.e., that he

---

[3]Complaint, Docket Entry No. 1.

[4]Id. at 1 ¶ 3, 2 ¶ 5.

[5]Id. at 2 ¶ 9, 3 ¶ 11.

[6]Id. at 2 ¶ 9.

[7]Id. at 4 ¶¶ 16-17

[8]Id. at 8 ¶ 32.

[9]Id. at 16 ¶ 45, 17 ¶ 46.

[10]Defendant's MTD, Docket Entry No. 15.

[11]Id. at 2 ¶¶ 4-5.

encountered any specific barrier and that he has no concrete plan to return.[12] Defendant argues that this case is moot because it performed repairs in response to the Complaint.[13] Plaintiff responds that he has standing because he encountered barriers to access and because he will return after Defendant remedies the alleged violations.[14] Plaintiff argues that his claims are not moot because Defendant has not addressed all the alleged ADA violations.[15]

## II. Legal Standard

### A. Article III Standing

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject matter jurisdiction as a defense in a pretrial motion. "Standing is a component of subject matter jurisdiction." HSBC Bank USA, N.A. as Trustee for Merrill Lynch Mortgage Loan v. Crum, 907 F.3d 199, 202 (5th Cir. 2018). A plaintiff has standing if he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547

---

[12] Id. at 6-8 ¶¶ 13-17.

[13] Id. at 8-11 ¶¶ 18-25.

[14] Response in Opposition to Defendants' Amended Motion to Dismiss, Docket Entry No. 20, p. 2.

[15] Id. at 1-2.

(2016). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Id. at 1548 (quoting Lujan v. Defenders of Wildlife, 112 S. Ct. 2130, 2136 (1992)). "[I]f the plaintiff seeks equitable relief, he must also show that there is a real and immediate threat of repeated injury." Deutsch v. Annis Enterprises, Inc., 882 F.3d 169, 173 (5th Cir. 2018) (per curiam) (internal quotations omitted).

**B.   Mootness**

Mootness is also a matter of subject matter jurisdiction. D.C. v. Klein Independent School District, 860 F. App'x 894, 907 (5th Cir. 2021). An action may be mooted if the defendant "simply accords all the relief demanded by the plaintiff." 13B Wright, Miller & Cooper, Fed. Prac. & Proc. Juris. § 3533.2 (3d ed. 2023). But a case is not moot "if only partial or uncertain relief is afforded." Id. Some courts have held ADA suits to be moot after defendants voluntarily fixed all of the alleged violations. See, e.g., Kennedy v. Omegagas & Oil, LLC, 748 F. App'x 886, 891 (11th Cir. 2018).

### III.   Analysis

**A.   Standing**

Defendant argues that Plaintiff lacks standing because he has not alleged a concrete and particularized injury. Specifically he states that Plaintiff "failed to identify any actual barriers to

access at Defendant's location related to his disability that he himself encountered."[16]  The Complaint alleges that Plaintiff "personally encountered many barriers to access [on] the Property that are detailed in this Complaint."[17]  The Complaint lists 25 alleged ADA violations.[18]  But the Complaint does not specify which ones he personally encountered, which ones he observed, and which ones he later was made aware of.

Plaintiff cites several cases holding that a disabled person can challenge barriers that he did not personally encounter. See Ramos v. Uber Technologies, Inc., No. SA-14-CA-502-XR, 2015 WL 758087, at *9 (W.D. Tex. Feb. 20, 2015) (holding that wheelchair users were not required to try calling an Uber or Lyft ride where they had ample information that the companies did not serve customers in wheelchairs); Steger v. Franco, Inc., 228 F.3d 889, 893 (8th Cir. 2000) (concluding that a plaintiff who encountered one barrier to access could challenge other barriers related to his disability).  On the other hand, many cases require that the plaintiff specify at least one barrier that he personally encountered on the property. See, e.g., Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 955 (9th Cir. 2011) ("Chapman leaves the federal court to guess which, if any, of the alleged violations deprived him of the same full and equal access that a person who is

---

[16]Defendant's MTD, Docket Entry No. 15, p. 6 ¶ 13.

[17]Complaint, Docket Entry No. 1, p. 4 ¶ 16.

[18]Id. at 8 ¶ 32.

not wheelchair bound would enjoy when shopping at Pier One"). Considering the split in authority and the minimal amendment necessary to adequately plead standing, the court will order Plaintiff to amend paragraph 32 of the Complaint to specify which of the listed barrier(s) he personally encountered, which of the barriers he observed, and which of the barriers he later became aware of. See 5B Wright & Miller, Fed. Prac. & Proc. Civ. § 1350 (3d ed.) ("When the pleader's affidavits or other evidence show either that the court actually has subject matter jurisdiction over the case or that the nonmoving party might be able to amend to allege jurisdiction, the district court may deny the motion and direct the pleader to amend the pleading").

Because Plaintiff seeks an injunction, "he must also show that there is a real and immediate threat of repeated injury" to have standing. Deutsch, 882 F.3d at 173. An ADA plaintiff must allege a concrete intent to return, but he does not have to allege a specific date. See id. at 174; Stevens v. Premier Cruises, Inc., 215 F.3d 1237, 1239 (11th Cir. 2000). An ADA plaintiff must also explain how, upon return, the alleged barriers would "actually affect[] his activities in some concrete way." Frame v. City of Arlington, 657 F.3d 215, 236 (5th Cir. 2011). Plaintiff adequately alleges an intent to return, and he states in his sworn declaration that he will do so within six months of the Property becoming accessible. The Complaint explains how each barrier would affect

his ability to use the Property. This satisfies his pleading obligation for standing to seek an injunction. He need not state which allegedly noncompliant parking spaces and ramps he will choose upon return.

## B.  Mootness

Because the court is ordering Plaintiff to amend paragraph 32, and because mootness depends on whether the violations alleged in that paragraph have been remedied, the court declines to rule on mootness at this time. Defendant's MTD based on mootness will be denied without prejudice to Defendant's right to file a new motion based on mootness after Plaintiff has amended his Complaint. If Defendant chooses to do so, it should include an affidavit stating what repairs have been done, and Defendant should address each violation in Plaintiff's amended paragraph 32 and explain how it has been resolved by the repairs.

## IV.  Conclusion and Order

For the reasons explained above, Defendant Sopros Investments Corporation's Amended Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket Entry No. 15) is **DENIED**. Plaintiff is **ORDERED** to amend the Complaint by June 30, 2023 to specify which of the alleged violations he personally encountered, which he observed, and which he later became aware of.

If the parties are not able to settle the case in the next thirty days, they will provide the name and contact information of

an agreed mediator or request that the court refer the case to Magistrate Judge Christina A. Bryan for a settlement conference.

**SIGNED** at Houston, Texas, on this 24th day of May, 2023.

                                              _____
                                                          SIM LAKE
                                       SENIOR UNITED STATES DISTRICT JUDGE